IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AARON UPCHURCH,**

      **Plaintiff,**

v.                                                                                          **No. CIV-06-0976 BB/LAM**

**STATE OF NEW MEXICO,**
**BILL RICHARDSON,**
**PAUL WAINWRIGHT,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)***. Plaintiff is incarcerated, appearing *pro se*, and proceeding *in forma pauperis*. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint claims that Defendant Wainwright, a New Mexico assistant district attorney, violated Plaintiff's constitutional rights in state criminal proceedings. Plaintiff alleges that Wainwright dismissed and re-filed charges against Plaintiff in order to avoid a preliminary hearing before a particular state magistrate judge. Defendant did not notify Plaintiff of the re-filed charges, and Plaintiff was arrested for failing to appear. Another magistrate judge then held a preliminary hearing, and the criminal case proceeded under an Information. A number of time limits were violated during the proceeding. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendant Wainwright. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *See also Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697-98 (10th Cir. 2004) (unpublished). This immunity likewise covers a prosecutor's decision not to prosecute. *See Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982); *Meade v. Grubbs*, 841 F.2d 1512, 1531-33 (10th Cir. 1988). Because all of the alleged actions were part of the prosecution, Defendant is immune from Plaintiff's claims.

Nor is relief available on Plaintiff's claims against named Defendants State of New Mexico and (Governor) Bill Richardson. The complaint contains no allegations against these Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of *respondeat superior* liability for the actions of workers supervised by the official. *See id.*

Furthermore, the state and the governor in his official capacity are not "persons" for purposes of 42 U.S.C. § 1983 and may not be sued as Defendants thereunder. *See Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against these Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)* is **DISMISSED with prejudice**; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**